UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EUGENE WELLS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-03759-JRS-MJD |
| D. ZATECKY, | ) |
| Respondent. | ) |

**ENTRY DENYING WITHOUT PREJUDICE MOTION TO
DISMISS AND DIRECTING FURTHER PROCEEDINGS**

Eugene Wells' petition for a writ of habeas corpus challenges his conviction in prison disciplinary case number ISR 18-04-437. The respondent moves to dismiss Mr. Wells' petition on grounds that his challenges to the petition are procedurally defaulted. For the reasons set forth below, the respondent's motion is **denied without prejudice**.

**I. Legal Standards: Exhaustion of Administrative Remedies and Procedural Default**

A district court may not grant a state prisoner's petition for a writ of habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state's courts. 28 U.S.C. § 2254(b)(1). When the petitioner "has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on it. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019).[1]

---

[1] *See also Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) ("A petitioner is generally required to exhaust all of his available administrative remedies before seeking a writ of habeas corpus in federal court. If the petitioner fails to do so and the opportunity to raise that claim in state administrative proceedings has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition.") (internal citations omitted); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ("That procedural default means . . . that state remedies were not exhausted, and precludes consideration of this theory under § 2254 . . . .").

"To avoid procedural default, an Indiana prisoner challenging a disciplinary proceeding must fully and fairly present his federal claims to the facility head and to the Final Reviewing Authority." *Jackson v. Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) (citing *Moffat v. Broyles*, 288 F.3d 978, 981–982 (7th Cir. 2002) (holding that, because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner present his claims at both levels of the administrative appeals process)).

## II. Applicable Administrative Remedies

The Indiana Department of Correction's (IDOC's) Disciplinary Code for Adult Offenders permits an inmate to appeal a disciplinary conviction. The inmate must file an appeal with the warden or other designated official at his or her facility (sometimes called "the facility head") within 15 days after receiving the report of the disciplinary hearing. Dkt. 8-3 at §§ X(A)–X(C). If that appeal is not resolved favorably, the inmate has 15 days to file a second appeal to the IDOC's appeal review officer (sometimes called the "final reviewing authority"). *Id.* at § X(D). In his first-level appeal to the facility head, an inmate must state the specific reasons he believes relief is warranted. *Id.* at § X(A)(1). The appeal review officer will consider only those reasons when assessing the second-level review. *Id.* at § X(D)(2).

The Disciplinary Code includes few details concerning the manner in which an inmate must submit his second-level appeal. The inmate must present the appeal on State Form 39587. *Id.* at § X(D)(1). He must attach "[a]ll available documentation relating to the appeal." *Id.* at § X(D)(3). And if the inmate wishes to keep a copy of the appeal for his own records, he "must make a copy before sending it." *Id.*

The remainder of the Disciplinary Code's provisions for second-level appeals—at least those placed into the record by the respondent—concern the IDOC's handling of and response to

inmates' appeals. As presented, the Disciplinary Code does not include information about where second-level appeals are received and how records of them are created and maintained.

### III. Mr. Wells' Efforts to Exhaust

The respondent concedes that Mr. Wells filed a first-level appeal. The respondent's motion centers on whether Mr. Wells submitted a second-level appeal to the Final Reviewing Authority.

In his petition, Mr. Wells asserts that he submitted an appeal to the Final Reviewing Authority but never received a response—either to his appeal or to the inquiries he made after he received no response. Specifically, Mr. Wells states as follows:

> Never recvd. reply. This appeal was inquired about when case 18-06-0148 (trafficking) was sent in. No reply was ever given on inquiry or the appeal itself after sent in to central ofc. Indpls.

Dkt. 2 at § 9(e). Mr. Wells affirmed under penalty of perjury that this statement, along with all the other statements in his petition, was true and correct. Dkt. 2 at 8.

The respondent asserts that the IDOC has no evidence of an appeal from Mr. Wells to the Final Reviewing Authority and therefore urges the Court to conclude that he never submitted one. The respondent supports this assertion with a record from the IDOC's Offender Information System (OIS) showing that no second-level appeal was logged, dkt. 8-2, and an affidavit from Sarah Haefner, an IDOC official who serves as a Final Reviewing Authority, dkt. 8-4. Ms. Haefner states that she has no records that she received or responded to a second-level appeal; that her colleagues who also serve as Final Reviewing Authorities also deny receiving a second-level appeal from Mr. Wells; and she does not recall receiving an inquiry from Mr. Wells about this second-level appeal when she denied an appeal in the related case cited in Mr. Wells' petition. Dkt. 8-4 at ¶¶ 6–9. No evidence presented by the respondent provides any information about how second-level appeals and records related to them are received, logged, or stored.

3

## IV. Analysis

The evidence on the record does not permit the Court to conclude whether or not Mr. Wells exhausted the requirements of the administrative appeals process. Under the Disciplinary Code, Mr. Wells' last obligation was to *submit* an appeal to the Final Reviewing Authority. Dkt. 8-3 at § X(D). Mr. Wells' sworn statement in his petition is competent evidence that he fulfilled that obligation. The respondent has established that the IDOC has no record of receiving a second-level appeal from Mr. Wells, but this is not the same as establishing that he did not submit one.

The respondent's motion rests on the premise that, if Mr. Wells submitted an appeal, the IDOC would necessarily have a record of it. But the Court cannot grant that premise because the respondent has not presented evidence showing that second-level appeals are routinely stored in the records systems discussed in the respondent's evidence. In these circumstances, the Court cannot treat the absence of a record of an appeal as proof that Mr. Wells failed to submit an appeal as required.

"[W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies." *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006). Mr. Wells has provided competent evidence contradicting the respondent's assertion, and so the Court cannot find that he failed to exhaust the administrative appeals process without conducting a hearing.

## V. Conclusion and Further Proceedings

In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first'" but also

clarified that "it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525). Given that resolving the exhaustion question in this case will require an evidentiary hearing, the Court finds that the interests of justice and judicial economy will be best served by first confronting the merits of Mr. Wells' petition.

Accordingly, the respondent's motion to dismiss, dkt. [8], is **denied without prejudice**. The respondent shall have **through May 10, 2019**, to respond to the merits of the arguments raised in Mr. Wells' petition consistent with the Court's order to show cause, dkt. 5. In his response, the respondent may renew the argument that Mr. Wells failed to exhaust the administrative appeals process.

**IT IS SO ORDERED.**

Date: 4/12/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EUGENE WELLS
864423
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov

5